Case No. 23-cr-546-KMW

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

PHILIP R. SELLINGER
United States Attorney

DANIEL A. FRIEDMAN
Assistant United States Attorney

401 Market Street, Fourth Floor
Camden, New Jersey 08101-2098

Direct Dial: 856.968.4867
Email: Daniel.friedman2@usdoj.gov

May 2, 2023

Joseph A. Siciliano, Jr., Esquire
Joseph A. Siciliano, P.C.
128 East Pharr Road
Decatur, GA 30030

### Re: Plea Agreement with Yasha Barjona

Dear Mr. Siciliano:

    This letter sets forth the plea agreement between your client, Yasha Barjona, and the United States Attorney for the District of New Jersey (the "Office"). This offer will expire on **Monday, May 24, 2023**, if it is not accepted in writing by that date. If Yasha Barjona does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### Charges

    Conditioned on the understandings specified below, the Office will accept a guilty plea from Yasha Barjona to a one-count Information charging him with bank fraud conspiracy, in violation of 18 U.S.C. § 1349. If Yasha Barjona enters a guilty plea and is sentenced on this charge, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Yasha Barjona for his role in obtaining fraudulent Paycheck Protection Program (PPP) loans or Economic Injury Disaster Loans (EIDL) on behalf of Visionworks Group of America LLC, Y3K Entertainment Group LLC, Absolute Homes LLC, and KMGB Holdings, as set forth in Schedule B, or for distributing the proceeds from these loans. Yasha Barjona agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or 1B1.3(a). Yasha Barjona waives any right he may have to be prosecuted in the District of Arizona and consents to prosecution in the District of New Jersey.

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Yasha

1

Barjona even if the applicable statute of limitations period for those charges expires after Yasha Barjona signs this agreement, and Yasha Barjona agrees not to assert that any such charges are time-barred.

### Sentencing

The violation of 18 U.S.C. § 1349 to which Yasha Barjona agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence Yasha Barjona is serving or is ordered to serve.

The sentence to be imposed upon Yasha Barjona is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Yasha Barjona ultimately will receive.

Further, in addition to imposing any other penalty on Yasha Barjona, the sentencing judge as part of the sentence:

(1) will order Yasha Barjona to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Yasha Barjona to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Yasha Barjona, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(5) pursuant to 18 U.S.C. § 3583, may require Yasha Barjona to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Yasha Barjona be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Yasha Barjona may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Yasha Barjona agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses. As part of his restitution obligations, Yasha Barjona agrees to make full restitution for all losses—including the full loan amount and all advances, origination fees, processing fees, and accrued interest—associated with the loans listed on Schedule B.

## Forfeiture

As part of his acceptance of responsibility, Yasha Barjona agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds he obtained directly or indirectly as a result of the commission of the conspiracy offense charged in the Information. Yasha Barjona further agrees that the value of such property was $227,330.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Yasha Barjona, in an amount not to exceed $227,330.00 (the "Forfeiture Amount"). Yasha Barjona consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to Yasha Barjona prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Yasha Barjona further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and Yasha Barjona agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Yasha Barjona's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Yasha Barjona waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Yasha Barjona understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Yasha Barjona waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Yasha Barjona's assets shall not be treated as satisfaction

of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Yasha Barjona further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Yasha Barjona fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Yasha Barjona has intentionally failed to disclose assets on his Financial Disclosure Statement, Yasha Barjona agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Rights of The Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves the right to take any position with respect to the appropriate sentence to be imposed on Yasha Barjona by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Yasha Barjona's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Yasha Barjona will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

4

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Yasha Barjona waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Yasha Barjona understands that, if Yasha Barjona is not a citizen of the United States, Yasha Barjona's guilty plea to the charged offense will likely result in Yasha Barjona being subject to immigration proceedings and removed from the United States by making Yasha Barjona deportable, excludable, or inadmissible, or ending Yasha Barjona's naturalization. Yasha Barjona understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Yasha Barjona wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Yasha Barjona's removal from the United States. Yasha Barjona understands that Yasha Barjona is bound by this guilty plea regardless of any immigration consequences. Accordingly, Yasha Barjona waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Yasha Barjona also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Yasha Barjona. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Yasha Barjona from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Yasha Barjona and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney
District of New Jersey

By: DANIEL A. FRIEDMAN
    JASON M. RICHARDSON
    Assistant United States Attorneys

APPROVED:

SARA A. ALIABADI
Deputy Attorney-In-Charge, Camden

I have received this letter from my attorney, Joseph Siciliano, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

/s/ Yasha A. Barjona
YASHA BARJONA

Date: 05/23/2023

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

/s/ Joseph Siciliano
JOSEPH SICILIANO, ESQUIRE
Counsel to Defendant Yasha Barjona

Date: 5/23/23

7

## Plea Agreement with Yasha Barjona

### Schedule A

1. The Office and Yasha Barjona recognize that the United States Sentencing Guidelines are not binding upon the Court. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2021, applies in this case.

3. The applicable guidelines is U.S.S.G. § 2X1.1, which references the guideline for the underlying substantive offense.

4. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7 because the statutory maximum prison sentence for the charged offense is 20 years or more.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies because the total loss amount is greater than $550,000 but less than $1,500,000. This Specific Offense Characteristic results in an increase of 14 levels.

6. As of the date of this letter, Yasha Barjona has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Yasha Barjona's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Yasha Barjona has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the court to allocate their resources efficiently. At sentencing, the Office will move for a further 1-point reduction in Yasha Barjona's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Yasha Barjona enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Yasha Barjona's acceptance of responsibility has continued through the date of sentencing and Yasha Barjona therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Yasha Barjona's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. Accordingly, the parties agree that the total Guidelines offense level applicable to Yasha Barjona is 18 (the "Total Offense Level").

9. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

10. If the term of imprisonment does not exceed 33 months, and except as specified in the next paragraph below, Yasha Barjona will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective

assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 27 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

i. Any proceeding to revoke the term of supervised release;

ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

iii. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Plea Agreement with Yasha Barjona

## Schedule B – Identified Lenders and Loans

| Company | PPP/EIDL | Lender | Loan Number | Amount Funded |
|---|---|---|---|---|
| Visionworks Group of America | EIDL | Small Business Administration | 9127358206 | $147,100.00 |
| KMGB Holdings | EIDL | Small Business Administration | 9394758202 | $142,200.00 |
| Y3K Entertainment | PPP | KeyBank | 4204178703 | $145,000.00 |
| Absolute Homes | PPP | KeyBank | 7290838601 | $145,000.00 |
| Dominion Entertainment Group | PPP | KeyBank | 6546858803 | $145,000.00 |

10